**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-CV-62-GCM**

| | |
|---|---|
| GILBERT HOLLAND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMPASS GROUP USA, INC., and )<br>CAROLINAS MEDICAL CENTER, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court in reference to Plaintiff Gilbert Holland's Amended Complaint (Doc. No. 5) and Second Amended Complaint (Doc. No. 7). Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may only amend the complaint once as a matter of course, and then only within 21 days after serving it, or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1). Otherwise, a plaintiff must seek the Court's leave or obtain the written consent of the opposing party. FED. R. CIV. P. 15(a)(2). Here, Plaintiff's amended complaints were not filed within 21 days after the original Complaint, nor within 21 days of Defendant Compass Group's Motion to Dismiss (Doc. No. 2). Plaintiff did not seek the Court's leave and does not appear to have obtained the written consent of the opposing side, rendering both the Amended Complaint and the Second Amended Complaint procedurally improper.

Rule 15 goes on to state, however, that "[t]he court should freely grant leave when justice so requires." FED. R. CIV. P. 15(a)(2). Here, Plaintiff is proceeding *pro se*, and the filings of *pro se* litigants are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff filed his first Amended Complaint after

1

receiving a *Roseboro* notice from the Court setting a response deadline for Compass Group's Motion to Dismiss (Doc. No. 3).[1] His Second Amended Complaint was filed some time later, but it is nearly substantively identical to his first Amended Complaint. In fact, it appears that the sole purpose of this second filing was to correct spelling and typographical errors contained in the first Amended Complaint. While Plaintiff failed to file a separate motion seeking leave to amend, both filings contain the heading "Motion to Amend Filing," clearly demonstrating Plaintiff's intent to seek leave from the Court to file these amended pleadings. As such, and in the interest of justice, the Court will grant Plaintiff leave to file his Second Amended Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted leave to file his Second Amended Complaint (Doc. No. 7). Defendant Compass Group is directed to answer or otherwise respond to Plaintiff's Second Amended Complaint within fifteen (15) days of the date of this order.

**IT IS FURTHER ORDERED** that Defendant Compass Group's Motion to Dismiss Plaintiff's Complaint (Doc. No. 2) is terminated as moot. Defendant is free to re-file its motion later if it so chooses.

The Clerk is directed to send a copy of this order to Plaintiff's address of record.

**SO ORDERED**.

Signed: September 2, 2014

Graham C. Mullen
United States District Judge

---

[1] Plaintiff's original Complaint, filed in Mecklenburg County, contains only the words "Wrongful Termination" and "Discrimination" to describe the nature of his suit.