# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:14-CV-62-GCM

GILBERT HOLLAND,                    )
                                   )
         Plaintiff,                )
                                   )
vs.                                )          **ORDER**
                                   )
COMPASS GROUP USA, INC. and        )
CAROLINAS MEDICAL CENTER,          )
                                   )
         Defendants.               )
_____)

**THIS MATTER** is before the Court upon Defendant Carolinas Medical Center's

("CMC")[1] Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 9), Plaintiff

Gilbert Holland's Response (Doc. No. 11), and CMC's Reply (Doc. No. 12). In its Motion, CMC

asks the Court to dismiss Plaintiff's Second Amended Complaint pursuant to FRCP 12(b)(1) for

lack of subject matter jurisdiction and also pursuant to FRCP 12(b)(6) for failure to state a claim

upon which relief may be granted. For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Gilbert Holland brought this action after being terminated from employment

with Defendant Compass Group, Inc. ("Compass") on September 2, 2013. (Doc. No. 7 at 6). He

originally filed this action in District Court in Mecklenburg County on December 9, 2013 using a

form complaint and listing claims for "discrimination" and "wrongful termination" against

Compass and CMC. (*See* Doc. No. 1-2). Judging from the docket and Defendants' filings, it

appears that the Complaint was served on Compass but not on CMC. (*See* Doc. No. 9-1 at 2). On

---

[1] Defendant notes that Carolinas Medical Center is owned and operated by the Charlotte-Mecklenburg Hospital Authority d/b/a/ Carolinas HealthCare System, which is the proper defendant in this action. For ease of reference, Defendant's Motion refers to "CMC" as the Defendant; the Court will likewise refer to "CMC" throughout this order.

April 10, 2014, Plaintiff filed an Amended Complaint (Doc. No. 5), and then on June 10, 2014, Plaintiff filed a Second Amended Complaint (Doc. No. 7),[2] which appears to be substantively identical to his first Amended Complaint. CMC acknowledges that it received service of Plaintiff's Second Amended Complaint on June 18, 2014. (*See* Doc. No. 9-1 at 2). Taken as a whole, the Second Amended Complaint (hereinafter "Complaint") tells a series of events that detail Plaintiff's difficulties with his managers, coworkers, Compass's HR department, and finally with CMC itself. (*See* Doc. No. 7). Construed liberally, the Complaint appears to assert Title VII claims for discriminatory discharge on the basis of race, failure to promote on the basis of race, hostile work environment on the basis of race, and retaliation. (*See id.*) It also appears to assert a claim for wrongful termination in violation of public policy. (*See id.*)

Though it is not discussed in his Complaint, on or about September 6, 2013, it appears that Plaintiff filed a Charge of Discrimination against Compass with the Equal Employment Opportunity Commission.[3] His charge explains that he was hired by Compass in March 2009 and discharged on September 2, 2013 after a dispute with a coworker. (Doc. No. 1-1 at 6). While he was not given a reason for his termination, Holland's charge notes his belief that he was discharged due to his race. (*Id.*) The charge lists discrimination based on race and retaliation, but notably fails to mention CMC in any respect. (*See id.*)

## II. LEGAL STANDARD

---

[2] Plaintiff did not properly seek leave of court prior to filing either of his amended complaints as required by FRCP 15, making them procedurally improper. The Court, however, in the interest of justice, granted Plaintiff leave to file his Second Amended Complaint on September 2, 2014 (Doc. No. 13).

[3] The Court may consider an EEOC charge without converting a motion to dismiss into one for summary judgment. *Brown v. Inst. For Family Centered Servs.*, 394 F. Supp. 2d 724, 729 n.2 (M.D.N.C. 2005).

Federal Rule of Civil Procedure 12(b)(1) provides that a case should be dismissed in the absence of subject matter jurisdiction, and "[t]he plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "Before a plaintiff has standing to file a suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002); *see also* 42 U.S.C. § 2000e-5(f)(1). The scope of the federal lawsuit is limited by the contents of the EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Notably, when a plaintiff fails to exhaust his administrative remedies concerning a Title VII claim, the federal court is deprived of subject matter jurisdiction over the claim. *Id.* Claims that fall outside the scope of the EEOC charge are procedurally barred. *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

Finally, a complaint filed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers," and "is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a *pro se* litigant must still plead "more than labels and conclusions." *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555). The rules of generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Godfrey v. Long*, No. 5:10-CT-3105-BO, 2012 WL 43593, at *1 (E.D.N.C. Jan. 9, 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III. DISCUSSION

### A. Title VII Claims

CMC first argues that the Court does not have subject matter jurisdiction over Plaintiff's Title VII claims because he failed to exhaust his administrative remedies as to CMC. Indeed, the failure to name a party in the EEOC charge constitutes a failure to exhaust administrative remedies against that party. *See Alvarado v. Bd. Of Trs. Of Montgomery Cmty. Coll.*, 848 F.2d 457, 458-59 (4th Cir. 1988); *see also* 42 U.S.C. § 2000e-5(f)(1) (specifying that an individual may bring an action against a party "named in the charge."). A review of Plaintiff's EEOC charge shows that the only party named in the charge is Compass. (*See* Doc. No. 1-1 at 6). At no point is CMC mentioned in the charge. (*See id.*) At no point in Plaintiff's Complaint does he plead that he filed an EEOC charge against CMC. (*See* Doc. No. 7). In fact, a review of the Complaint demonstrates that CMC was not Plaintiff's employer. *See id.*; *see also infra* Part III.B. Plaintiff bears the burden of proving the existence of subject matter jurisdiction regarding these claims. *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002). Because he has failed to establish that he exhausted his administrative remedies against CMC, the Court finds that Plaintiff has not met this burden. As such, Plaintiff's Title VII claims for

4

discriminatory discharge on the basis of race, failure to promote on the basis of race, hostile work environment on the basis of race, and retaliation must be dismissed for lack of subject matter jurisdiction.

### B. Wrongful Termination

CMC argues that Plaintiff's claim for wrongful termination must be dismissed because his Complaint does not plead sufficient facts to allege such a claim, notably because CMC was not Plaintiff's employer. North Carolina's recognition of wrongful termination claims is narrow, but North Carolina courts do recognize such claims where an employee's termination "offends public policy." *See Kurtzman v. Applied Analytical Indus., Inc.*, 347 N.C. 329, 332 (1997). One such policy is expressed in N.C.G.S. § 143-422, which recognizes the right of all persons "to seek, obtain and hold employment without discrimination or abridgment on account of race, religion, color, national origin, age, sex or handicap." N.C. GEN. STAT. § 143-422.2. Notably, public policy claims based on N.C.G.S. § 143-422 are confined solely to termination. *See Moore v. Time Warner Cable, Inc.*, 2009 WL 3754225 (W.D.N.C. 2009).

Plaintiff cannot maintain a claim for wrongful termination against CMC because a review of his Complaint demonstrates that CMC was not his employer. (*See* Doc. No. 7 at 2 ("I am currently employed at Morrison located at CMC . . . . Morrison is a Company owned by Compass Group.")). Likewise, his EEOC charge explains that he was "hired by the above employer [Compass Group] as a Cook." (Doc. No. 1-1 at 6). At no point does Plaintiff plead that CMC was his employer. The only mention of CMC, besides noting the location of his job site at CMC, comes at the end of the Complaint, where Plaintiff explains that he contacted CMC personnel directly regarding a dispute he was having with coworkers at Compass. (*See* Doc. No. 7 at 5-6). Plaintiff asserts that he was terminated soon after by his managers at Compass, who

explained that "CMC had told him to let me go and when they say to do something they did it." (*Id.*) Thus, while Plaintiff appears to allege that he was terminated at the behest of CMC, he does not allege that CMC terminated him, or that CMC was his employer such that it could have terminated him. Absent some allegation that he was employed by CMC, Plaintiff cannot maintain a claim for wrongful termination in violation of public policy against CMC. As such, Plaintiff's claim for wrongful termination fails to state a claim and must be dismissed.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant CMC's Motion to Dismiss (Doc. No. 9) is **GRANTED**. Defendant Carolinas Medical Center is **DISMISSED**.

**SO ORDERED.**

Signed: September 4, 2014

Graham C. Mullen
United States District Judge